IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANGEL MANUEL DOMENECH, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-003 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO
# DENY PETITION FOR HABEAS CORPUS

Before the Court is petitioner ANGEL MANUEL DOMENECH, JR.'S petition for a writ of habeas corpus filed with the Lubbock Division of the Northern District of Texas. That court transferred the case to this Court. Upon review of the petition, it appeared that, even though petitioner initially indicated he was challenging a Potter County, Texas, conviction for burglary of a habitation, he actually meant to challenge a conviction for possession of a deadly weapon within a penal institution out of Brazoria County, Texas. Subsequent to its review, this Court issued a Briefing Order to petitioner directing him to specify whether he intended to challenge the Potter County or Brazoria County conviction. Petitioner has responded that even though he is currently serving a sentence for the Potter County conviction, he intends to challenge the Brazoria County conviction. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

## ISSUES PRESENTED

As to the Brazoria County conviction,[1] petitioner presents three ground of error:

1. His guilty plea was not freely and voluntarily given with full knowledge of the consequences of the plea.

2. His constitutional right to a speedy trial was violated in the prosecution of the case.

3. He received ineffective assistance of counsel because his attorney failed to fully inform him of the consequences of the plea, i.e. that he would become ineligible for mandatory supervised release or that his release date would otherwise be delayed.[2]

## PETITIONER'S CHALLENGE IS TIME BARRED

Petitioner's challenge to the 1998 Brazoria county conviction is time barred. A habeas corpus petitioner must establish the conviction he challenges in federal habeas corpus has been final for no longer than one year. 28 U.S.C. § 2244(d)(1)(A). A state conviction becomes final under this statute when there is no more "availability of direct appeal to the state courts." *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009). In a case, such as the one at bar, where the defendant pleads guilty and does not directly appeal the judgment, the conviction is final for federal habeas corpus purposes thirty days after the defendant is sentenced. *Rodriguez v. Thaler*, 664 F.3d 952, 954 (5th Cir. 2012).

---

[1] Ordinarily, the Court would have transferred this case to the District Court for the Southern District of Texas, Galveston Division. *See* 28 U.S.C. §§ 124(b)(1), 2241(d). Out of consideration for judicial economy, the Court has chosen instead to issue this Report and Recommendation since petitioner is in custody in the Northern District of Texas, this Court has jurisdiction. Although venue would be more proper in the Lubbock Division, it would be inefficient for this Court to transfer the case back to Lubbock.

[2] To be clear, petitioner does not challenge any aspect of the Brazoria County conviction as it relates to the Potter County conviction, which is the conviction on which he is currently confined. Indeed, the Brazoria County conviction could not have had any impact on the Potter County conviction because it was issued seven years *after* the Potter County conviction.

In this case, petitioner challenges a conviction that was handed down November 6, 1998. Thirty days after that date, and the point at which petitioner's conviction became final for federal habeas corpus purposes, was December 6, 1998. *See id.* Without any tolling, petitioner's federal habeas corpus petition was due by December 6, 1999. *See* 28 U.S.C. § 2244(d)(1)(A). The instant petition, however, was not filed until December 3, 2012, which is almost eleven years after expiration of the deadline. *See id.* Consequently, the challenge to the Brazoria County conviction is time barred.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ANGEL MANUEL DOMENECH, JR. be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of February, 2013.

/s/ Clinton E. Averitte
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).