IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANGEL MANUEL DOMENECH, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-003 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**SUPPLEMENT TO FEBRUARY 28, 2013,
REPORT AND RECOMMENDATION TO
DENY PETITION FOR HABEAS CORPUS**

Before the Court is petitioner ANGEL MANUEL DOMENECH, JR.'S petition for a writ of habeas corpus.  On February 28, 2013, the undersigned issued a Report and Recommendation recommending denial of the petition as time barred.  On March 14, 2013, the Court received petitioner's objections to the Report and Recommendation.  The purpose of this Supplement to the February 28, 2013, Report and Recommendation is to address issues raised by petitioner in his objections.

As detailed in the February 28, 2013, Report and Recommendation, petitioner is currently serving a thirty-five-year sentence for a 1991 Potter County conviction for burglary of a habitation. In this petition, however, petitioner does not challenge his burglary conviction but attacks a four-year sentence out of Brazoria County, *i.e.*, a 1998 conviction for possession of a weapon in a penal institution.  Specifically regarding the Brazoria County conviction, petitioner avers (i) his guilty plea was not freely and voluntarily given with full knowledge of the consequences of the plea; (ii) his

constitutional right to a speedy trial was violated in the prosecution of the case; and (iii) he received ineffective assistance of counsel because his attorney failed to fully inform him of the consequences of the plea, *i.e.*, that he would become ineligible for mandatory supervised release or that his release date would otherwise be delayed by pleading guilty to the Brazoria County offense.  In his objections to the February 28, 2013 Report and Recommendation, petitioner indicates he essentially thought he would serve the four-year Brazoria County conviction concurrently with the thirty-five-year Potter County conviction, so that even with the Brazoria County conviction, he was facing a maximum of thirty-five years.  Under that scenario, petitioner had or would have had a mandatory supervised release date of April 1, 2007.  Petitioner continues,

> Then sometime between January 1999 and August 2000 TDCJ consolidated Petitioner's (4) year sentence with His (35) year sentence; Making His sentence total equaling (39) years, and moving His MS date to 07/02/2009 . . . IT IS THE PETITIONER'S CONTENTION that until this 07/02/2009 date passed there was no claim or even an issue to challenge.  In fact, up to this point Petitioner was vested with the belief that he would be released on this/that date!

("Objections to Magistrates [sic] Report and Recommendation, doc. 10, pg. 2 (filed Mar. 14, 2013) [hereinafter Objections] (sic throughout)).

Petitioner has not presented a clear view of exactly what he intends to attack.  On one hand, it appears petitioner intends to challenge the state court's actions in rendering the Brazoria County conviction and his allegation of not understanding the true nature of his sentence at the time he pled guilty, *i.e.*, he did not plead guilty knowing the sentence would be imposed consecutively to the Potter County conviction but thought it would run concurrently with the Potter County conviction.  On the other hand, it also seems as though petitioner's real complaint is with the Texas Department of Criminal Justice's (TDCJ's) actions in "consolidating" his two sentences and not releasing him to mandatory supervised release as he anticipated.  Petitioner's filing with the TDCJ of a time-credit dispute-resolution request along with his assertion that the Court should look to the days on which he

filed TDR's as the relevant dates in this case suggests his intention is to challenge the TDCJ's computation of his release date. *See* Tex. Gov't Code Ann. § 501.0081 (Vernon 2012).

Regardless of what argument petitioner intends, he is time barred. As indicated in the Court's February 28, 2013, Report and Recommendation, the Brazoria County conviction was handed down in 1998. The federal habeas corpus petition was not filed until December 2012, almost eleven years too late. *See* 28 U.S.C. § 2244(d)(1)(A). Giving petitioner the benefit of the doubt and assuming he did not understand the nature of the sentence at the time of the guilty plea, petitioner admits that "sometime between January 1999 and August 2000" his sentence went from thirty-five years to thirty-nine years. (Objections at 2). Petitioner fails to explain why he waited until 2012 to present the instant claims when he knew of the consecutive nature of the Brazoria County conviction at least as early as August 2000. At that point, there was nothing preventing him from raising habeas corpus claims of ineffective assistance of counsel for failing to inform petitioner of the nature of his guilty plea, nor was there any reason for petitioner to have waited until 2012 to complain about the timeliness of his prosecution, which issue he has known of since before the 1998 day of conviction.

Viewing petitioner's claims as being against the TDCJ's computation of petitioner's actual sentence, petitioner contends he could not have raised the claims in the instant petition until his anticipated release date of July 2, 2009, passed. Petitioner does not explain why he had to wait until an anticipated release date passed before challenging the TDCJ's actions. Likewise, there are no grounds upon which the Court could agree with petitioner that he was barred from raising the claims presented in the federal habeas corpus petition until the passing of an anticipated release date. *See* 28 U.S.C. § 2244(d)(setting forth the possible starting points for the federal limitations period).

Nevertheless, going to the outside bounds of reasonableness and using the July 2, 2009, date

suggested by petitioner as the date on which the one-year limitations period for federal proceedings started, petitioner remains time barred.  A prisoner who seeks to challenge the TDCJ's computation of the prisoner's time credits must first challenge those computations in a time-credit dispute-resolution request (TDR).  Tex. Gov't Code Ann. § 501.0081(b).  After the prisoner receives the TDCJ's response or, if he does not receive any response, 180 days after the day he filed his TDR, the prisoner is then able to present his claims to the state court via a habeas corpus application.  *See id.*  Because a prisoner is first required to go through the TDCJ's internal TDR process before filing his state habeas corpus application, the time during which the TDR is pending, along with the time during which the state habeas corpus application is pending, is tolled for purposes of the one-year limitations period in federal habeas corpus.  *See* 28 U.S.C. § 2244(d)(2); *Stone v. Thaler*, 614 F.3d 136, 139 (5th Cir. 2010). However, because the prisoner is required to present only one TDR before proceeding to the state court, the pendency of any additional TDRs will not toll the federal limitations period.  *Stone*, 614 F.3d at 139.

According to petitioner, he presented his first TDR on July 15, 2009.  (Objections, Exhibit D, pg. 14).  He never received a response from the TDCJ to his TDR, so petitioner was able to present his state habeas corpus application as of January 11, 2010, or 180 days after the day he filed his TDR.[1] *See* Tex. Gov't Code Ann. § 501.0081(b)(2).  At that point, the one-year limitations period for federal habeas corpus purposes began running.  *See Stone*, 614 F.3d at 139.  Petitioner filed a second TDR, but that TDR did not toll the federal habeas corpus limitations period.  *See id.*  Consequently, absent any additional tolling petitioner's federal habeas corpus petition would have been due on January 11,

---

[1] According to petitioner, while this TDR was pending he filed a motion for nunc pro tunc in Brazoria County.  Because the motion was filed and disposed of during the pendency of the TDR, the Court need not engage in an analysis of whether the nunc pro tunc constituted collateral review that would have tolled the federal limitations period, as that time period is tolled in any event due to the TDR.  *See Harrelson v. Swan*, 381 Fed. Appx. 336, 338, 2010 WL 2340827 (5th Cir. June 10, 2010).

2011.  *See* 28 U.S.C. § 2244(d)(2).  Petitioner indicates he filed his state habeas corpus application on February 15, 2011.  However, because the state habeas corpus application was filed almost one month after the federal limitations period expired, the pendency of that action cannot toll the federal limitations period.  The instant habeas corpus petition was due on January 11, 2011, but was not filed until December 3, 2012.  Thus, even accepting petitioner's argument that he could not have presented these claims until after his anticipated release date had passed and using the dates he provides, petitioner remains time barred.

It remains the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ANGEL MANUEL DOMENECH, JR. be DENIED.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of April, 2013.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).